UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

MIGUEL A. COLON GONZALEZ,
Plaintiff,

v.                                        Civil No. 98-2215 (HL)

EDWIN BRIGNONIL,
Defendant.

**OPINION AND ORDER**

Before the Court is Defendant Edwin Brignonil's ("Brignonil") Motion to Dismiss, Dkt. No. 11. In that motion, Brignonil argues, among other things, that Plaintiff Miguel A. Colon Gonzalez' ("Colon") claim should be dismissed because negligent deprivations of property do not violate the Constitution. In the wake of Brignonil's Motion to Dismiss, the Court ordered Colon to show cause why his case should not be dismissed for failure to state a claim of a constitutional violation by March 1, 2000. Dkt. No. 12. Colon then responded by motion, arguing that because he had complied with all of the Court's orders and because Brignonil's Motion to Dismiss was "frivolous at best," he was entitled to redress. Dkt. No. 15. For reasons to follow, the Court agrees with Brignonil's legal contentions regarding Colon's failure to state a claim of a constitutional violation and shall therefore order this claim dismissed without reaching Brignonil's other arguments.




AO 72A
(Rev.8/82)

Civil No. 98-2215 (HL) 2

Colon's complaint alleges that on October 21, 1996, Brignonil received certain items of Colon's personal property to be sent to FCC Coleman in Florida. Unfortunately, the property, sent via the United States Postal Service, never arrived at its destination. After filing various forms according to internal prison procedures, Colon filed an unsuccessful tort claim under the Federal Tort Claims Act. Finally, on October 27, 1998, Colon filed this lawsuit, an action under 42 U.S.C.A. § 1983 (West 1994), alleging a violation of his constitutional rights and requesting either the return of his property or compensation.

The constitutional right that Colon alleges was violated is presumably his right not to be deprived of property without due process of law. See U.S. CONST. amend. XIV, § 1. This right has come to be known as procedural due process. The fatal flaw in Colon's complaint relates to the state of mind requirement for making out a violation of procedural due process. One of the documents annexed to Colon's complaint recounts that "Mr. J.R. Robbins should have put a tracer on my property, but he didn't. I believe this was *negligence* on his behalf." Dkt. No. 2 (emphasis added). Plaintiff does not allege that any prison employee *intended* to misplace or destroy his property. Without such an allegation, Plaintiff's claim simply does not make out a violation of procedural due process.

The Due Process Clause is not implicated by state actors' negligent actions with respect to property; a "deprivation in the *constitutional sense*" must have taken place. *Daniels v. Williams*, 474 U.S. at 330-31 (quoting Justice Powell's concurrence in *Parratt*

AO 72A
(Rev.8/82)

Civil No. 98-2215 (HL)                                3

*v. Taylor*) (emphasis in original).  Thus, due process requirements, such as the requirement of a post-deprivation remedy, are not triggered here.  To commit a violation, the state actor must instead make a "*deliberate* decision[] . . . to deprive."  *Daniels*, 474 U.S. at 331.  Since Plaintiff does not allege this state of mind, there can be no constitutional violation, and Plaintiff has no cause of action under § 1983.

Wherefore, this claim is hereby dismissed.  Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, March 14, 2000.

HECTOR M. LAFFITTE
Chief U.S. District Judge

AO 72A
(Rev.8/82)